UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christiana Trust, *a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of RBSHD 2013-1 Trust*; Bank of America, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>Cornell D. Davis; Juliett Marsh-Davis; American Express Centurion Bank; and Carriage Lane Homeowners Association, Inc.,<br><br>Defendants. | C/A: 2:17-1502-RMG-BM<br><br>**REPORT AND RECOMMENDATION** |

The pro se Defendant, Juliett Marsh-Davis (hereinafter Defendant), filed a notice of removal on June 8, 2017, which purports to remove Civil Action No. 2012-CP-08-02286 (a state court mortgage foreclosure action) from the Court of Common Pleas of Berkeley County, South Carolina.[1] Defendant asserts that removal of this state court mortgage foreclosure action is proper pursuant to "a Right to Review pursuant to Title 5 USC subsection 702." Notice of Removal, ECF No. 1 at 1. She also argues that the state court action is "a violation of a Treaty known as The Articles of Confederation and of the Expatriation Act of 1868", and the Foreign Agents Registration Act (FARA), Title 22 USC 611. Finally, Defendant also alleges that Plaintiff Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity (Christiana Trust) has "filed a false claim with counterfeit securities against [Defendant]." Id.

---

[1] Although there are other defendants to the state court action, none of them signed the notice of removal.



This is the Defendant's third attempt to remove this Berkeley County foreclosure case to this Court. See Christiana Trust v. Davis, No. 2:16-1284-DCN (D.S.C.); Christiana Trust v. Davis, No. 2:15-318-DCN (D.S.C.).[2] On June 20, 2017, Christiana Trust[3] filed a motion to remand arguing that removal is improper and that there is no legal basis for federal jurisdiction in this case. The Defendant has filed a motion to strike the motion to remand, in which she appears to argue that Christiana Trust is a foreign agent pursuant to 22 U.S.C. 611, that Christiana Trust's attorney was required to register under FARA, and that because the attorney did not do so the response should be stricken. ECF No. 6. Thereafter, on June 29, 2017, Defendant filed a pleading titled "Summary Brief of the Case," in which she reiterates her earlier arguments. ECF No. 7.

Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). With respect to a removed case, the removal statute, 28 U.S.C. § 1441, allows a

---

[2] A federal court may take judicial notice of the contents of its own records. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

[3] Although Defendant only named Christiana Trust as a plaintiff in her notice of removal, she also named Bank of America as a plaintiff in the caption of her motion to proceed in forma pauperis. Christiana Trust recites in its brief that Juliett Marsh-Davis and Cornell D. Davis executed and delivered to Dell Franklin Financial, a certain Promissory Note in writing wherein and whereby Defendants promised to pay the principal sum of $218,252.00, together with interest on the unpaid balance. That same day, Cornell D. Davis and Juliett Marsh-Davis did make, execute, and deliver to Mortgage Electronic Registration Systems, Inc. as nominee for Dell Franklin Financial, a certain real estate Mortgage covering real property located in Berkeley County, South Carolina. Thereafter the Mortgage was assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by assignment instrument dated November 2, 2011. The Mortgage was thereafter reassigned to RBS Financial Products, Inc. by assignment instrument dated June 3, 2013. The Mortgage was then assigned to Christiana Trust by assignment instrument dated November 22, 2013. Brief in Support of Motion to Remand, ECF No. 5-1, at 1-2.



2

state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). Further, the burden is on the removing defendant to establish subject matter jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

When considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)(internal quotation marks and citation omitted). In addition, "[r]emoval statues must be strictly construed against removal," Scott v. Greiner, 858 F.Supp. 607, 610 (S.D.W.Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ["If federal jurisdiction is doubtful, a remand is necessary."].

Generally a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. Here, the Defendant bases the removal of this case on federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted); see Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004)[discussing the well-pleaded complaint rule]. Potential defenses and



3

counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

A careful review of the pleading in this case fails to reveal any basis for federal question jurisdiction. This is a state law foreclosure action, and a review of the complaint reveals that it is solely based on state law. See ECF No. 1-2, at 195-198. No federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp.2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014)(collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013).

The Defendant raises several arguments for why there should be federal question jurisdiction in this Court. Defendant argues that 5 U.S.C. § 702 provides the court with authority to review the actions of the state court. However, Section 702 permits a party "suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action...." to name the United States as a defendant in any action. The Court of Common Pleas for Berkeley County, South Carolina, is not an agency of the United States. Rather, it was established by Article V of the South Carolina Constitution. See S.C. Const. art. V, § 1. Accordingly, § 702 is inapplicable.

Defendant also claims that Christiana Trust is in violation of the Foreign Registration Act (FARA), 22 U.S.C. 611, et seq. However, FARA merely requires that agents who lobby in the United States on behalf of "a foreign principal" disclose their affiliation. See Viereck v. United States, 318 U.S. 236, 237 (1943); Rabinowitz v. Kennedy, 376 U.S. 605, 608-10 (1964). There is



4

no indication that Christiana Trust falls under FARA or that FARA is applicable to the present case. As such, there is no merit in Defendant's argument that the motion to remand should be stricken unless the attorney for Christiana Trust provides documents concerning registering as a foreign agent.

Defendant also cites the Expatriation Act of 1868 and the Articles of Confederation as a basis for jusrisdiction. Congress recognized a right to expatriate in the Expatriation Act of 1868, which declared that "expatriation was the natural and inherent right of all people." Klaudt v. Dooley, No. CIV. A. 10-4091-KES, 2010 WL 5391571, at *4 (D.S.D. Dec. 22, 2010)(citing An Act Concerning the Rights of American Citizens in Foreign States, ch. 249, 15 Stat. 223 (1868)). "'The stated purpose of the Act was to protect naturalized citizens of the United States while in foreign jurisdictions.'" Id. (quoting People v. Jones, 140 P.3d 325, 327 (Colo. App. 2006)). The Expatriation Act does not "provide rights to someone who has renounced his United States citizenship [even assuming that is what the Defendant is attempting to do in this case]; rather, it is intended to provide protections for naturalized American citizens abroad." Id. This court also does not have jurisdiction to hear claims under the Articles of Confederation. See Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 705 (2016)[the Articles of Confederation, having been replaced by the United States Constitution, are not a valid source of law].

To the extent that Defendant is attempting to assert a defense or counterclaim as a basis for establishing jurisdiction, defenses do not establish removal jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985)["A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."]; see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)[stating "it is



5

now settled law that a case may not be removed to federal court on the basis of a federal defense"].

A counterclaim by a defendant also does not serve as the basis for "arising under" jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). see also UTrue, Inc. v. Page One Sci., Inc., 457 F.Supp.2d 688, 690 (E.D.Va. 2006)[holding that a federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds, and noting "[m]oreover, were the well-pleaded complaint rule not to apply on removal, and were counterclaims permitted to become a basis for jurisdiction on removal, the result would be an unwarranted and nearly limitless expansion of removal jurisdiction."]; Cohn v. Charles, 857 F.Supp.2d 544, 548 (D.Md. 2012)[foreclosure proceeding was not removable, nor did it become removable when federal defenses were asserted or the counterclaim filed].[4]

To the extent that Defendant is actually attempting to instead assert diversity jurisdiction, she is precluded as a matter of law from removing this case on the basis of diversity of citizenship since she is a citizen of the state in which the action was brought (South Carolina).[5] See

---

[4] Given that this Court does not have original jurisdiction over the claim in state court, it also should not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)

[5] Defendant asserts simply that she is an "American Citizen." However, she lists her address as South Carolina; see ECF No. 1 at 2; and a party's citizenship is determined by her domicile, defined as the place where she has "[her] true fixed home and principal establishment, and to which, whenever [she] is absent, [she] has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir.1998). The Defendant "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence;" Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005); and she has failed to meet this burden here. Although Defendant asserts that she is an "American National," any claim to "American National" status does not overcome the fact that she is a South Carolina citizen for purposes of § 1441(b). See, e.g., Allah El v. Avesta Homes, LLC, 520 F. App'x 806 (11th Cir. 2013)[Plaintiffs' status as Moorish Americans did not render them diverse for purposes for jurisdiction absent allegations that plaintiffs were citizens of a different nation or that they resided in a state other than Florida] ; Bendeck v. Workman, No. 17-00180 JMS-RLP, 2017 WL 1758079 (D. Haw. May 04, 2017)[rejecting argument of "sovereign citizen"
(continued...)



6

28 U.S.C. § 1441(b)(2)["A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."].

Therefore, Christiana Trust's motion to remand should be granted for lack of subject matter jurisdiction in this Court. In the alternative, it is recommended that this action be remanded back to the state court <u>sua sponte</u> because this Court lacks subject matter jurisdiction (as discussed above).[6] Moreover, in addition to these grounds for remand of this case, Christiana Trust's motion to remand should also be granted because the Defendant failed to comply with the provision of the removal statute requiring all defendants to consent to removal. In a case removed from state court to federal court based on federal question jurisdiction, all properly joined and served defendants "must join in or consent to the removal of" such an action. 28 U.S.C. § 1446(b)(2)(A). However, Defendant provides no indication that the other defendants to the state court action (Cornell D. Davis, American Express Centurion Bank, Carriage Lane Homeowners Association, Inc. -<u>see</u> state court complaint, ECF No. 1-2, at 195) have consented to the removal of this case from state court.[7]

---

[5](...continued)
plaintiff that she was not a citizen of Hawaii or the United States where she conceded she lived in Hawaii].

[6]A district court is obligated to consider <u>sua sponte</u> whether jurisdiction is present and remand the case to state court if it determines that it lacks jurisdiction. <u>See</u> 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 196 (4th Cir. 2008).

[7]To the extent Defendant Juliett Marsh-Davis is attempting to represent Cornell D. Davis, or any other Defendant, she cannot do so. <u>See</u> <u>Myers v. Loudoun Cnty. Publ. Sch.</u>, 418 F.3d 395, 400-401 (4th Cir. 2005)[a <u>pro se</u> person's right to litigate for oneself does not create a similar right to litigate on behalf of others]; <u>United States v. Kerner</u>, 895 F.2d 1159, 1162 n. 3 (7th Cir. 1990)[plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on
(continued...)



7

Thus, the Defendant has failed to comply with this provision of the removal statute. See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006); Wells Fargo Bank, N.A. v. Hunt, C/A No. 6:13-1333-MGL-KFM, 2013 WL 6383255, at *3 (D.S.C. Nov. 22, 2013).

Finally, Christina Trusts's motion to remand should also be granted because the Defendant failed to timely file her notice of removal. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). Here, the Defendant was served with the Summons and Complaint in August 2012. Christiana Trust's Brief in Support of Motion for Remand, ECF No. 5-1, at 5. However, the Defendant did not file her Notice of Removal until June 8, 2017, well past the 30-day deadline provided for in 28 U.S.C. § 1446(b). Defendant's failure to file a timely notice is a defect in the removal procedure. Cades v. H & R Block Inc., 43 F.3d 869, 873 (4th Cir. 1994).

## Conclusion

Based on the foregoing, it is recommended that Plaintiff Christiana Trust's motion to remand (ECF No. 5) be **granted,** and this case be **remanded** back to state court. In the alternative, it is recommended that this action be remanded sua sponte for lack of subject matter

---

[7](...continued)
the legal rights or interests of third parties].



8

jurisdiction in this Court.[8] It is also recommended that Defendant Juliett Marsh-Davis's motion to strike (ECF No. 6) be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 22, 2017
Charleston, South Carolina

---

[8]While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). While the undersigned has issued orders of remand in some circumstances, in light of Defendant's pro se status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that Defendant can contest remand before the District Court Judge, if she so desires.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

