# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christiana Trust, *a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of RBSHD 2013-1 Trust*; Bank of America, N.A., <br><br> Plaintiff <br><br> v. <br><br> Cornell D. Davis; Juliett Marsh-Davis; American Express Centurion Bank; and Carriage Lane Homeowners Association, Inc., <br><br> Defendants. | Case No 2:17-cv-1502 <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 13) recommending that Plaintiff Christina Trust's motion to remand (Dkt. No. 5) be granted or, in the alternative, that this action be remanded *sua sponte* for lack of subject matter jurisdiction. For the reasons below, this Court adopts the R. & R. as the order of the Court. Plaintiff's motion to remand (Dkt. No. 5) is granted. Defendant's motion to strike Plaintiff's motion to remand (Dkt. No. 6) is denied for the same reasons.

## I. Factual Summary

Defendant Juliett Marsh-Davis is proceeding *pro se*. She filed a notice of removal on June 8, 2017. (Dkt. No. 1.) Plaintiff filed a motion to remand to state court, and Defendant Marsh-Davis filed a motion to strike Plaintiff's motion to remand. (Dkt. Nos. 5, 6). In the R. & R., the Magistrate determined that this Court does not have subject matter jurisdiction over this state law foreclosure action. (Dkt. No. 13.) The Magistrate discussed each of Defendant's arguments in turn and explained why, for example, the Expatriation Act of 1868 and the Foreign

Registration Act (FARA), 22 U.S.C. § 611, *et. seq.*, do not confer federal subject matter jurisdiction on this Court.

## II. Legal Standard - Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

Defendant has filed timely objections to the Magistrate's R. & R. (Dkt. No. 15.) These objections do not specifically address any legal or factual finding in the R. & R. For example, Defendant asserts that she is "an American and not a Corporation" and that the R. & R. failed to address her question: "can a corporation/entity bring a suit or charges against an American National." (*Id.* at 1.)

As Defendant has not specifically objected to any portion of the R. & R., the Court need only satisfy itself that the Magistrate has made no clear error on the face of the record. Finding no clear error in the Magistrate's determination that this Court does not have subject matter jurisdiction over this case, the Court adopts the R. & R. as the order of the Court.

## IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. as the order of the Court. Plaintiff's motion to remand (Dkt. No. 5) is granted, and Defendant's motion to strike Plaintiff's motion to remand (Dkt. No. 6) is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 5, 2017
Charleston, South Carolina