# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2017 SEP 19 P 3:13

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Christiana Trust, *a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of RBSHD 2013-1 Trust*; Bank of America, N.A., | Case No 2:17-cv-1502 |
| Plaintiff | **ORDER AND OPINION** |
| v. | |
| Cornell D. Davis; Juliett Marsh-Davis; American Express Centurion Bank; and Carriage Lane Homeowners Association, Inc., | |
| Defendants. | |

This matter is before the Court on Defendant Juliett Marsh-Davis's motion for reconsideration (Dkt. No. 20) of this Court's order (Dkt. No. 16) granting Plaintiff's motion to remand and denying Defendant's motion to strike.

Defendant's motion for reconsideration is similar in substance to the objections she filed to the Magistrate's Report and Recommendation. (Dkt. No. 15.) For example, Defendant asserts that she is "an American and not a Corporation" and that she is entitled to this Court's determination of whether "a corporation/entity [may] bring a suit or charges against an American National." (Dkt. No. 20 at 1.)

In the Fourth Circuit, motions to reconsider are granted under a narrow set of circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Defendant's motion for reconsideration does not meet this standard because it does not identify a change in the law, new

evidence, a clear error of law, or the risk of manifest injustice. For these reasons, Defendant's motion to reconsider (Dkt. No. 20) is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 15, 2017
Charleston, South Carolina